IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30222
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTHONY,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Mississippi
USDC No. 96-50061-1

_____

November 25, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Anthony appeals his sentence following his guilty plea conviction for mail fraud and conspiracy to commit fraud for rolling back odometers on vehicles sold at his used car lot. Anthony argues that the district court erroneously 1) calculated the loss resulting from his criminal activity, 2) counted employees of Anthony's used car lot as participants in the odometer-rollback scheme, 3) refused to depart downward from the sentencing guidelines, and 4) ordered Anthony to make restitution for vehicles with rolled-back odometers not listed in the indictment.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's determination of the loss in an odometer fraud case for clear error. United States v. Whitlow, 979 F.2d 1008, 1012 (5th Cir. 1992). The district court employed the same valuation-of-the-loss method approved by the court in Whitlow. The district court made a reasonable estimate of the loss, which is plausible in the light of the record read as a whole. Whitlow, 979 F.2d at 1012.

The district court's determination that there were five or more participants in the underlying scheme of the offense is plausible in the light of the record read as a whole. United States v. Wilder, 15 F.3d 1292, 1299 (5th Cir. 1994). Also, the district court could have found that Anthony's criminal activity was otherwise extensive. U.S.S.G. § 3B1.1 comment. n.3; see also Wilder, 15 F.3d at 1299 n.17.

The district court did not believe that it could not depart downwardly from the guidelines sentencing range, but rather determined from the facts that a downward departure was not warranted. We decline to review Anthony's claim that the district court should have departed downward from the guidelines range. United States v. Soliman, 954 F.2d 1012, 1014 (5th Cir. 1992).

Anthony mistakenly argues that 18 U.S.C. § 3663(a)(2) became effective in April 1996. The amendment allowing for an order of restitution for victims not specifically named in the indictment became effective in 1990. See 18 U.S.C. § 3663(a)(2) Statutory and Historical Notes; see also United States v. Rutgard, 108 F.3d 1041,

1065 (9th Cir. 1997).  All the sales associated with the odometer-roll-back scheme, which was sufficiently detailed in the indictment, for which Anthony was ordered to pay restitution occurred after 1990.  The district court did not err in ordering restitution for the 247 fraudulent sales of vehicles attributed to Anthony as relevant conduct.  <u>United States v. Pepper</u>, 51 F.3d 469, 473 (5th Cir. 1995).

A F F I R M E D.